**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv598**

| | |
|---|---|
| PAULA CRABILL, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>CHARLOTTE-MECKLENBURG BOARD )<br>OF EDUCATION, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on the defendant's Motion in Limine concerning the use of certain materials at trial, including:

1. Any facts or events that occurred prior to April 12, 2007;

2. Plaintiff's working conditions prior to the 2007-08 school year;

3. Details of Plaintiff's medical conditions;

4. Details of what Plaintiff told CMS about her medical conditions and when;

5. Plaintiff's qualifications for the counselor position; and

6. Lay witness opinions about Plaintiff's heath during her employment.

In addition to arguing that such evidence should be excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence, defendant argues that much of such evidence is no longer relevant based on the doctrine of "law of the case" as previous decisions of this court as well as a decision by the Court of Appeals for the Fourth Circuit have foreclosed certain claims.

To place this motion in context, the court has carefully reviewed the earlier decisions of its predecessor as well the appellate court. The court understands that plaintiff Paula Crabill is a former high school guidance counselor, employed by Charlotte Mecklenburg Board of Education. She asserts that CMS failed to offer her reasonable accommodations for her disability,

-1-

resulting in her premature retirement from employment, and thereby violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* After the parties filed cross-motions for summary judgment, Judge Reidinger applied the doctrine of equitable tolling to deem Ms. Crabill's lawsuit timely-filed even though she filed suit beyond the 90-day period provided by the ADA. He then concluded on the merits, however, that Ms. Crabill could not persuade a reasonable jury to find in her favor on all the elements of her ADA claims and therefore granted summary judgment to the School Board. On appeal, the Fourth Circuit held that Judge Reidinger properly applied the doctrine of equitable tolling, but erred in granting summary judgment to the School Board for Ms. Crabill's post-April 2007 ADA claims.

While it overruled the decision granting summary judgment on the instant ADA claims, the appellate court affirmed Judge Reidinger's determination that defendant did not fail to provide Ms. Crabill with reasonable accommodations for her disability prior to April 12, 2007. Crabill v. Charlotte-Mecklenburg Board of Education, No. 10-1539, at 21-22, 25 (4th Cir. April 20, 2011). Thus, the only remaining issue for trial concerns whether CMS failed to provide plaintiff with a reasonable accommodation when it allegedly denied her request for transfer, a request that was first made by plaintiff on April 12, 2007. While the court will allow plaintiff to testify historically as to events that led up to her interactions with Ms. George in 2007 regarding the request for transfer accommodation, the court finds that a number of categories of evidence in plaintiff's proffer must be excluded in light of the law of the case <u>and</u> because the probative value is substantially outweighed by the danger of unfair prejudice and, moreover, confusing the issues, especially where it has already been determined that such evidence was insufficient to support claims that have already been dismissed. The court will, therefore, exclude the following:

    1.    Evidence that relates to plaintiff's harassment/retaliation claims against Principals Spivey and Anderson;

2. Evidence concerning counselor caseloads and Plaintiff's requests for caseload reductions;

3. Evidence regarding other accommodation requests, including requests for voice recognition software, flexible work schedules, work breaks, and a reduction or limit on extra-counselor duties;

4. Evidence regarding plaintiff's work injury in October 2006 and related workers' compensation claim; and

5. Evidence regarding CMS's requests to the EEOC for extensions of time to investigate and respond to plaintiff's EEOC charge.

The court does not, however, agree with CMS that the details of Ms. Crabill's various medical conditions that prompted her April 2007 request for transfer should be excluded. CMS bases such argument, in part, on its stipulation or concession that plaintiff suffers from a qualifying disability within the meaning of the ADA and, therefore, has no need to prove the disability element of an ADA claim.[1] The court notes, however, that, as with most any debilitating illness, the symptoms and the limitations that those symptoms impose on a person will vary. In addition to evidence concerning what information plaintiff conveyed to Ms. George on or after April 12, 2007, which is patently relevant, the jury will also be allowed to hear evidence concerning the subjective[2] symptoms plaintiff was suffering before that date that caused her to request a transfer. However, testimony or other evidence concerning plaintiff's pre-April 12, 2007, condition and any requests she made before such date will be tempered with an appropriate instruction that such information is to be

---

[1] CMS appears to back away from such position in its response to the proffer.

[2] The court notes that while subjective evidence as to medical conditions is admissible, subjective evidence of working conditions is not admissible under current case law.

-3-

considered only to give historical context to her claims, and is not relevant to her constructive discharge or reasonable accommodation claims, which spring from events transpiring on or after April 12, 2007.

The court notes that the parties have apparently resolved a number of disputes as to specific documents through the proffer process. The court appreciates counsels' effort. As to any remaining objections to the introduction of specific documents contained in the proffer, it is not the court's practice to rule on the admissibility of specific documents except at trial where context can be considered. The court will deal with those on a document-by-document basis at trial. Due to the presence of excellent counsel for both sides, the court is confident that the parties can determine what documents and evidence will be permitted based on these guidelines. The parties are encouraged to work out issues of authenticity and admissibility in advance of trial so that in-court time can be utilized effectively.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the defendant's Motion in Limine (#50) is **GRANTED** in part and **DENIED** in part as herein provided.

**IT IS FURTHER ORDERED** that, as a matter of housekeeping, plaintiff's Motion to Compel Deposition prior to Final Determination of Offer of Proof (#67) is **GRANTED** as previously directed in court.

The court notes that the parties should file ECF readable documents in ECF, which aid the court in searching and making use of documents.

Signed: March 17, 2012

Max O. Cogburn Jr.
United States District Judge